BOARD OF SUPERVISORS OF KENT COUNTY *v.* BOARD OF SUPERVISORS OF MECOSTA COUNTY.

CRIMINAL LAW — CHANGE OF VENUE — COSTS — LIABILITY OF COUNTY—DIRECTING VERDICT.

*1. Where the venue in a criminal case is changed from one county to another for trial, the latter county, in recovering expenses against the former, is limited to the fees and expenses allowed by law. Therefore the latter can recover

* Head-notes by GRANT, J.

against the former only the statutory fee of two dollars per day for jurors, although it may have allowed them four dollars per day. Neither can the latter recover for a stenographer's fee, where the stenographer is compensated by an annual salary.

2. Where, in directing a verdict, the circuit judge gave a wrong reason for a correct result, the judgment will not be disturbed.

Error to Mecosta; Palmer, J. Submitted April 2, 1901. Decided April 16, 1901.

*Assumpsit* by the board of supervisors of Kent county against the board of supervisors of Mecosta county for expenses incurred in the trial of a criminal case under a change of venue. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Rodgers, McDonald & Minor*, for appellant.

*A. B. Cogger*, for appellee.

GRANT, J. The venue in a criminal case was changed from the county of Mecosta to the county of Kent, and there tried. After the trial, plaintiff presented to the defendant a bill for expenses amounting to $882.75. The defendant allowed the bill at $542.75, and sent to the plaintiff a check for that amount. Plaintiff returned the check, and instituted this suit to recover the entire amount. Included in the bill rendered was a charge of $4 per day for the jury, and a stenographer at $100. The defendant allowed the jury at $2 per day, and struck out the stenographer's fee. Neither of these rejected items was chargeable against the defendant. The statutory fee of jurors is $2 per day, and no more could be legally paid. The stenographer of Kent county is employed at a yearly salary, and the county was put to no extra expense for his employment. The court did not, perhaps, give the right reason for directing a verdict, but the reason is immaterial where the verdict and judgment are correct.

The court directed a verdict of no cause of action, and that the amount of $542.75 be paid into court, subject to the order of Kent county. The proper course would have been to direct a verdict for plaintiff for $542.75. The judgment will be reversed, and the case remanded, with instructions to the circuit court to enter judgment for that amount, unless it has been paid into court subject to plaintiff's order. Defendant will recover costs.

The other Justices concurred.